THE STATE OF MISSOURI, *ex rel.* SUSAN McCANN, Adminis-
trator of JOHN McCANN, Plaintiff in Error, *v.* HENRY
SMYTH, Defendant in Error.

#### April 10, 1876.

1. When judgment by default had been rendered by a justice, and on the
following day the defendant made it appear to the satisfaction of the
justice that on the day of trial he was confined to his bed by sickness, but.
had sought with due diligence to have himself represented at the trial,
*held,* that the justice was warranted in setting aside the default.

2. *Mandamus* is not the appropriate remedy for correcting an error of an inferior court.

Error to St. Louis Circuit Court.

*Affirmed.*

*Matthew O'Reilly*, for plaintiff in error, cited : Wag. Stat. 641–657, ch. 61 ; High on Rem. 184, sec. 241 ; State *v.* Bombaur, 44 Mo. 590.

*A. R. Kellam*, for defendant in error.

Gantt, P. J., delivered the opinion of the court.

The relator sued one Flanigan before the defendant in error, who is a justice of the peace of St. Louis county, for an unlawful detainer, and obtained judgment by default. On the following day the defendant Flanigan appeared, and showed to the satisfaction of the justice that he was on the day of the trial confined to his bed by sickness, and wholly unable to attend the trial of the case, and had attempted to cause himself to be represented and the trial postponed on account of his sickness, but by misadventure his efforts, after due diligence used by him, failed. Flanigan also showed, by affidavit, a meritorious defense to the action, and moved the justice to set aside the judgment and grant him a new trial. The justice thereupon granted his motion, being partly moved to do so because of the failure of the plaintiff to show an order of the Probate Court to her to take charge of the real estate of her decedent, and set aside the judgment, on payment of costs, and set the cause anew for trial. The plaintiff thereupon applied for, and obtained from the St. Louis Circuit Court, an alternative writ, commanding the justice to show cause why he should not be ordered to reinstate the judgment and issue execution thereon. By his return the above stated facts appeared, and that the judgment was for the recovery of the premises in dispute, $954 damages, and $742 as rents and profits.

The return also denied that plaintiff had no remedy except *mandamus;* alleged that, if she had a good cause of action, an opportunity was afforded by the action of the

justice for her to make it appear; and further suggested that *mandamus* did not lie in such a case ; that a *mandamus* was not the proper mode to compel the justice to give a particular specified judgment, or to set aside a judgment already rendered ; and that, right or wrong, the action of the justice cannot be reviewed by *mandamus*.

The plaintiff moved to strike out the return and make the rule for a *mandamus* absolute, for the reason that the return was not verified by the oath or affirmation of the justice, and because the facts shown do not furnish a valid excuse for declining to do what the peremptory writ would order.

The court, in special term, overruled the motion and refused the writ, on October 11, 1875. On the following day an appeal was taken to the general term, where the judgment was affirmed.

1. We think the judgment of the Circuit Court should be affirmed. The case of *Pratte & Cabanné* v. *Judge of the St. Louis Court of Common Pleas*, 12 Mo. 194, may be an authority for the granting of a writ of *mandamus*, ordering the court below, in a given case, to give a particular judgment, but in this case we are of opinion that the action of the justice of the peace was conformable to principles of law and equity, and, if it were examinable on appeal, must be sustained.

It was, we think, the intent of the law-makers to give the justice, in a case of forcible entry and detainer, or unlawful detainer, greater powers than he possesses in the exercise of his ordinary jurisdiction. In no other case is he at liberty to set aside the finding of a jury, and grant a new trial of the issues, where there has been no judgment by default. But to justices of the peace is given jurisdiction of cases of forcible entry and detainer, and of unlawful detainer. Gen. Stat. 1865, ch. 187, sec. 5. The ordinary incidents of this jurisdiction and of the practice in justices' courts, so far as not modified by the special statute, attach in the case of forcible entry and detainer.

In the general statute prescribing the practice in justices' courts it is declared that no appeal shall lie to the Circuit Court from a judgment by default in the justice's court, unless within ten days a motion has been made to set the default aside. Gen. Stat. 1865, ch. 185, sec. 2. This provision has not been repealed in the chapter respecting forcible entry and detainer, but the application of it to the practice there prescribed seems very apposite; and, certainly, if the defendant in the case before the justice here had attempted to take an appeal before making such a motion, he would have incurred great risk of having his appeal dismissed. But, if he was right in making the motion, the justice, in a proper case, was justified in granting it. The inconveniences of a new trial are so small, the hardship of allowing the judgment in the actual case to stand seems so grievous, and the conduct of the plaintiff in attempting to hold, with pertinacity, the advantage she has gained by the inevitable misfortune of the defendant are so little reconcilable with the hypothesis of confidence in the merits of her cause, that we have the less hesitation in affirming the judgment of the Circuit Court. All the judges concur.